JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------------X   **14 CV 6005**
MOSES LOPEZ,

                     Plaintiff,            **COMPLAINT**

        - against -            **PLAINTIFF
                                                                 DEMANDS A
                                                                 TRIAL BY JURY**

CITY OF NEW YORK, POLICE OFFICER JACOB AARONSON,    **JUDGE TORRES**
SHIELD 44, POLICE OFFICER JONNETTE MARZIGLIANO,
SHIELD 25713, POLICE OFFICER JOSE SANCHEZ, SHIELD
3961, and SERGEANT JASON BASS, SHIELD 1775,

                     Defendants,
------------------------------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

1.     Plaintiff, MOSES LOPEZ, is a 29 year old male, who, at all times relevant to this action, was a resident of New York, New York.

2.     Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes New York County.  NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.     Upon information and belief, Defendant POLICE OFFICER JACOB AARONSON, SHIELD 44, was at all relevant times an officer employed by the NYPD assigned to the Housing Bureau, PSA 5.  All actions by AARONSON complained of herein were taken in the course of his employment and under color of law.

AARONSON is being sued in both his individual and official capacities.

4. Upon information and belief, Defendant POLICE OFFICER JONNETTE MARZIGLIANO, SHIELD 25713, was at all relevant times an officer employed by the NYPD, assigned to the Housing Bureau, PSA 5. All actions by MARZIGLIANO complained of herein were taken in the course of her employment and under color of law. MARZIGLIANO is being sued in both her individual and official capacities.

5. Upon information and belief, Defendant POLICE OFFICER JOSE SANCHEZ, SHIELD 3961, was at all relevant times an officer employed by the NYPD, assigned to the Housing Bureau, PSA 5. All actions by SANCHEZ complained of herein were taken in the course of his employment and under color of law. SANCHEZ is being sued in both his individual and official capacities.

6. Upon information and belief, Defendant SERGEANT JASON BASS, SHIELD 1775, was at all relevant times a supervising officer employed by the NYPD, assigned to Housing Bureau, PSA 5. All actions by BASS complained of herein were taken in the course of his employment and under color of law. BASS is being sued in both his individual and official capacities.

7. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

8. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

9. A Notice of Claim was timely served upon NYC on or before August 20, 2013, within 90 days of May 22, 2013, the statutory date of accrual for the claims based upon false arrest, excessive use of force and assault. The statutory date of accrual for malicious prosecution was December 9, 2013.

10. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

11. On May 22, 2013, at approximately 11:00 p.m., Plaintiff was inside his residence at 1641 Madison Avenue, in New York County.

12. At that time, Plaintiff became engaged in a verbal dispute with his mother, Doris Sehen.

13. At all times, the dispute was verbal and did not involve any physical contact.

14. During the dispute, Ms. Sehen called 911 for police assistance.

15. In response to the 911 call, Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS, entered the residence and ordered Plaintiff, who was speaking on a cell phone, to terminate the call.

16. Plaintiff asked to be allowed to finish his call and was told by one of the officer defendants that he could not.

17. Before Plaintiff could comply with the directive, Defendant AARONSON grabbed the phone and Plaintiff's wrists, pulling him towards Defendants MARZIGLIANO, SANCHEZ and BASS, all of whom began to punch Plaintiff in the head and torso.

18. Plaintiff was subsequently forced to the floor with Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS continuing to use physical force against him, including immobilizing Plaintiff's arms under his body.

19. As he was laying on the ground, Plaintiff was ordered by Defendant

3

MARZIGLIANO to place his hands behind his back.

20. Plaintiff shouted to Defendant MARZIGLIANO that he could not do so because his hands were being held by the other officers.

21. In response, Defendant MARZIGLIANO began to strike Plaintiff on his right ankle with her police radio.

22. Plaintiff told Defendant MARZIGLIANO that she was hurting an ankle that had previously been injured and begged her to stop striking him.

23. Plaintiff was finally able to get his hands behind his back and was placed in handcuffs.

24. When Plaintiff was lifted from the floor he was bleeding from his head and shin, was unable to place any weight on his right ankle, and needed assistance to stand and walk.

25. Plaintiff was carried part-way to the police vehicle and driven to the precinct house where he vomited from the pain and collapsed to the floor, unable to stand.

26. Plaintiff was taken to Harlem Hospital where he was eventually placed in a support boot and cast and given crutches to which he was handcuffed; Plaintiff was also placed in ankle shackles.

27. Plaintiff was released from the hospital at approximately 7:00 a.m. the following morning and returned to the police precinct.

28. Plaintiff was eventually transported to the Criminal Court building at 100 Centre Street where he was told by Defendant AARONSON that he "was going to jail for seven years for assaulting police officers with a deadly weapon."

29. At approximately 1:15 a.m. on May 24, 2013, Plaintiff was arraigned on various charges including multiple charges of felony assault of police officers and misdemeanor possession of a weapon.

30. Despite the severity of the allegations, Plaintiff was released without bail and the case was adjourned for Grand Jury action.

31. Upon information and belief, the case was never presented to the Grand Jury.

32. On December 9, 2013, all charges against Plaintiff were dismissed on the motion of the District Attorney and the case was sealed pursuant to Criminal Procedure Law §160.50.

33. As a result of the injuries to his ankle, Plaintiff was compelled to use crutches for approximately ten [10] months and continues to use a cane.

34. Plaintiff continues to receive physical therapy for his injuries.

**FIRST CLAIM**

(False Arrest - §1983)

35. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 34 of the Complaint as if incorporated and reiterated herein.

36. By arresting Plaintiff without legal authority, Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS, individually and acting together, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the constitutional rights to be free from false arrest.

37. By reason thereof, Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM

(Excessive Force: MARZIGLIANO - §1983)

38. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 37 of the Complaint as if incorporated and reiterated herein.

39. Defendant MARZIGLIANO, by intentionally and excessively striking Plaintiff with her police issued radio and by refusing to stop when informed about the prior injury, used excessive force in the performance of her duties and thereby violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.

40. By reason thereof, Defendant MARZIGLIANO violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## THIRD CLAIM

(Excessive Force: - §1983)

41. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 40 of the Complaint as if incorporated and reiterated herein.

42. Defendants AARONSON, MARZIGLIANO, SANCHEZ, and BASS, by intentionally and excessively striking Plaintiff about the head and body, used excessive force in the performance of their duties and thereby violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.

43. By reason thereof, Defendants AARONSON, MARZIGLIANO, SANCHEZ, and BASS violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## FOURTH CLAIM

(False Arrest - Common Law)

44. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 43 of the Complaint as if incorporated and reiterated herein.

45. Plaintiff was unlawfully detained and arrested by Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS without probable cause and thereby caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

46. By reason thereof, and because Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

**FIFTH CLAIM**

(Excessive Force: MARZIGLIANO - Common Law)

47.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 46 of the Complaint as if incorporated and reiterated herein.

48.     Defendant MARZIGLIANO, by intentionally and excessively striking Plaintiff with her police issued radio and by refusing to stop when informed about the prior injury, used excessive force in the performance of her duties.

49.     By reason thereof, Defendant MARZIGLIANO caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

50.     By reason thereof, and because Defendant MARZIGLIANO acted within the scope of her duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

**SIXTH CLAIM**

(Excessive Force - Common Law)

51.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 50 of the Complaint as if incorporated and reiterated herein.

52.     Defendants AARONSON, MARZIGLIANO, SANCHEZ, and BASS, by intentionally and excessively striking Plaintiff about the head and body, used excessive force in the performance of their duties, caused Plaintiff to suffer physical injuries,

emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

53. By reason thereof, and because Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## SEVENTH CLAIM

(Assault - §1983)

54. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 53 of the Complaint as if incorporated and reiterated herein.

55. Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS, by intentionally and excessively striking Plaintiff about the head and body, committed an assault against Plaintiff and thereby and thereby violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.

56. By reason thereof, Defendants AARONSON, MARZIGLIANO, SANCHEZ, and BASS violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## EIGHTH CLAIM

(Assault - Common Law)

57. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 56 of the Complaint as if incorporated and reiterated herein.

58. Defendants AARONSON, MARZIGLIANO, SANCHEZ, and BASS, by intentionally and excessively striking Plaintiff about the head and body, used excessive force in the performance of their duties, caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

59. By reason thereof, and because Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## NINTH CLAIM

(Malicious Prosecution - §1983)

60. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 59 of the Complaint as if incorporated and reiterated herein.

61. By commencing a proceeding in the absence of probable cause and with actual malice, Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS intentionally engaged in a malicious prosecution in violation of Plaintiff's Fifth and

10

Fourteenth Amendments to be free from prosecution without legal justification.

62. By reason thereof, Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

## TENTH CLAIM

(Malicious Prosecution - Common Law)

63. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 62 of the Complaint as if incorporated and reiterated herein.

64. By commencing a proceeding in the absence of probable cause and with actual malice, Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS intentionally engaged in a malicious prosecution of Plaintiff.

65. By reason thereof, Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

66. By reason thereof, and because Defendants AARONSON, MARZIGLIANO, SANCHEZ and BASS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii) On the eighth claim, actual and punitive damages in an amount to be determined at trial;

ix) On the ninth claim, actual and punitive damages in an amount to be determined at trial;

x) On the tenth claim, actual and punitive damages in an amount to be determined at trial;

xi) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

xii) Such other relief as the Court deems just and proper.

Dated:   New York, New York
         July 11, 2014                    Goldberg & Allen, LLP
                                          Attorneys for Plaintiff

                                   By:    _____
                                          Jay K. Goldberg [JG-1294]
                                          49 West 37th Street, 7th Floor
                                          New York, New York 10018
                                          (212) 766-3366